BEADLESTON *v.* BEADLESTON.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

WITNESS—EXAMINATION UNDER OPEN COMMISSION—WHEN ALLOWED.

An open commission to take the testimony of witnesses is properly refused where the witnesses have already been examined under a commission, with interrogatories, and the only object sought is to examine them further as to facts to which their attention has been directed, and to obtain certain books; there being nothing to prevent a further examination under a commission, with interrogatories.

Appeal from special term, New York county.

This is an appeal from an order denying a motion made on behalf of the defendant in the foregoing action, (*ante*, 809,) for an open commission to take the testimony of witnesses in the city of Boston.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Eugene D. Hawkins,* for appellant. *Samuel Untermeyer,* for respondent.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

DIVORCE—CUSTODY OF CHILDREN PENDING ACTION—STIPULATION OF PARTIES.

Where, by stipulation of the parties to an action for divorce, a daughter is not to be assigned to the custody or company of her mother pending the action, it is error for the court, upon refusal of the father's attorneys to act with the mother's attorneys in selecting a place of residence for her, to direct that she be maintained at her father's expense at the hotel where the mother boards. BARTLETT, J., dissenting.

Appeal from special term, New York county.

This is an appeal by the plaintiff in *Beadleston* v. *Beadleston, ante,* 809, from an order assigning as a residence for Emma A. Beadleston, the daughter of the parties, the hotel in which her mother was a resident for the summer.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Samuel Untermeyer,* for appellant. *Eugene D. Hawkins,* for respondent.

DANIELS, J. The order affected the residence of this daughter during the vacation in her school, extending from the early part of July, 1885, until the early part of the fall. The parties themselves had stipulated for the disposition of her custody during the pendency of the action; and their stipulation did not permit her to be assigned to the company or custody of her mother, but it contemplated another residence for her free from the influence which her mother might be expected to exercise over her, to the prejudice of her father, the plaintiff. To assign this residence was accordingly in violation of the agreement which had been made and entered into by the parties for this purpose; and this part of the order, as well as that requiring the plaintiff to pay, during the summer vacation, the sum of $15 per week for the support of his daughter at this hotel, seems to have been without authority. There was reason for action on the part of the court, it is true, because of the refusal of the plaintiff's attorneys to co-operate with the attorneys for the defendant in selecting a place of residence for this daughter. But that was not sufficient to disregard the stipulation which the parties had entered into, and place the daughter under the influence and control of her mother. It was still the duty of the court to secure for her a different place of residence. The order should accordingly be reversed, but, as the period over which it was designed that it should operate has long since expired, it may be without costs.

VAN BRUNT, P. J., concurs. BARTLETT, J., dissents.